IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY JETT, *individually and on behalf of all others similarly situated*, ) ) ) Plaintiff, ) ) v. ) ) WARRENTECH CORPORATION and AMT ) WARRANTY CORPORATION, ) ) Defendants. ) | Case No.   18-cv-1366-SMY |

**ORDER**

**DALY, Magistrate Judge:**

This is a proposed class action in which Plaintiff, Amy Jett, alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and other state common law claims against Defendants for purportedly routinely failing to provide purchasers of warranty plans known as extended service plans ("ESPs") any benefits or services under the plans when the products fail during the original manufacturer's warranty. Relevant to her claims, Plaintiff alleges she purchased an ESP sold by Defendants to provide coverage for a refrigerator she bought from retailer H.H. Gregg. According to Plaintiff, contrary to the terms of the ESP, Defendants refused to assist or pay for the repair or replacement of her refrigerator after it suffered an apparent manufacturing defect and became inoperable shortly after purchase.

This matter has been referred to the undersigned to address Plaintiff's Motion to Compel Defendants' Initial Disclosures and Answers to Plaintiff's Interrogatories and Requests for Production (Doc. 43). Defendants responded on March 24, 2020, and the Court held a telephonic motion hearing on April 21, 2020. The parties were ordered to meet-and-confer, Defendants were

Page **1** of **13**

directed to serve supplemental written discovery responses, and, if any disputes remained, the parties were directed to notify the Court.

The Court was notified by the parties on June 2, 2020 that disputes concerning Defendants' responses to Plaintiff's requests for production of documents remained. The undersigned held a discovery dispute conference on June 4, 2020. The Court heard argument from the parties, and rules as follows on the requests for production of documents at issue.

## Discussion

**Request for Production No. 3:** Plaintiff seeks all documents referring to Defendants' retention or preservation policies, practices, or productions and their implementation, including but not limited to the communication of such policies, practices or produces to Defendants' agents and employees.

During the June 4, 2020 discovery dispute conference, the parties agreed to limit the scope of this request and Defendants agreed to provide document within that scope. Defendants shall provide said documents by **July 10, 2020**.

**Request for Production No. 4:** Plaintiff seeks all documents that may support any opposition Defendants may have to Plaintiff's motion for class certification.

Defendants' objection is **SUSTAINED**. Defendants are reminded of their duty to supplement under Federal Rule of Civil Procedure 26(e).

**Request for Production No. 5:** Plaintiff seeks all communications relating to the subject matter of this litigation and the allegations of the complaint, including but not limited to all communications by and between Defendants and Plaintiff or any other putative class member. Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.

As written, this request is overly broad and fails to identify the boundaries of relevancy in this lawsuit. As such, the Court finds it necessary to address the proper scope of discovery. The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

With regard to this action, the Court finds the proper scope of discovery is limited to Plaintiff's claims that Defendants sold extended service plans for household appliances that either lacked or provided insufficient coverage for products that fail during the original manufacturer's

warranty. Accordingly, Defendants shall supplement their response to this request, but said supplement shall be limited to those communications that address ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty[1]. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 6**: Plaintiff seeks all communications relating to the subject matter of this litigation and the allegations of the Complaint, including but not limited to all communications between Defendants and any retailer, wholesaler, or other seller of ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those communications that address ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 7:** Plaintiff seeks all communications relating to the subject matter of this litigation, the allegations of the complaint, or the substantially similar complaints of class members, including but not limited to all communications between Defendants and any government agency.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this

---

[1] As set forth in Plaintiff's requests, the relevant time period for the production of documents is January 1, 2012 to the present (*see* Doc. 43-2 at 6).

Page **4** of **13**

request, but said supplement shall be limited to those communications that address ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 8:** Plaintiff seeks all communications relating to the subject matter of this litigation and the allegations of the complaint, including but not limited to all communications between Defendants and insurance regulators.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those communications that address ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 9:** Plaintiff seeks all documents referring or relating to the sale of the extended service plans described in the complaint, including but not limited to sales orders, purchase orders, cancellations, returns, refunds, receipts, communications, product brochures and advertising materials, guides, instructions or disclosures.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those documents that relate to ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the

original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 10:** Plaintiff seeks all documents referring or relating to the processing or handling of claims made under or pursuant to the terms of any ESP sold or issued by Defendants or their agents.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those communications that address the processing or handling of claims made under or pursuant to the terms of ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 11:** Plaintiff seeks all documents relating to Defendants' policies and procedures for documenting, recording or responding to consumer complaints, claims or inquires regarding ESPs, including but not limited to complaints regarding ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those documents that address ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 12:** Plaintiff seeks all consumer complaints, claims or inquiries, or records thereof, regarding the product described in the complaint, including but not limited to applicability or coverage relating to ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those consumer complaints, claims or inquiries that address ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 13:** Plaintiff seeks all surveys, questionnaires, studies, customer feedback or other metrics of customer satisfaction or experiences relating to ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those documents (surveys, questionnaires, etc.) that address ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 14:** Plaintiff seeks all documents relating to Defendants' investigation, response, resolution or other action taken related each complaint, claim or inquiry described in Request No. 13.

As noted by Defendants, it appears Plaintiff seeks documents related to complaints set forth in response to Request for Production No. 12, not No. 13. Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to those documents relating to consumer complaints, claims or inquiries that address ESPs

Page **7** of **13**

for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 15:**   Plaintiff seeks all documents relating to Plaintiff or any class members, including but not limited to the name, address, telephone number, email address or any other identifying information associated therewith.

Defendants' objections are **OVERRULED**. Defendants shall produce documents responsive to this request (to the extent said documents are not privileged) if they have any in their possession. Defendants are reminded of their duty to supplement under Federal Rule of Civil Procedure 26(e).

**Request for Production No. 16:**   Plaintiff seek documents sufficient to determine the number of ESPs sold or issued by Defendants during the relevant time period and the gross amount of sales of such plans, grouped by state if possible.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 17:**   Plaintiff seeks documents sufficient to determine the number of ESPs cancelled before the expiration of their term during the relevant time period, grouped by state if possible.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN**

**PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to those documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 18:**   Plaintiff seeks documents sufficient to determine the amount and number of refunds issued or paid to purchasers of ESPs during the relevant time period, grouped by state if possible.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 19:**   Plaintiff seeks documents referring or relating to changes, revisions, additions, deletions or modifications to the ESPs, whether proposed or approved by state regulators.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 20:**   Plaintiff seeks all print, digital, video or audio advertisements or marketing materials related to ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN**

**PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 21:**  Plaintiff seeks all telephone scripts, form letters, frequently asked questions, and answers or other standard responses to customer complaints, claims, or requests, including but not limited to requests for refunds or cancellation.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 22:**  Plaintiff seeks all documents containing Defendants' policies and procedures regarding rights of insurance carriers, claims, and investigations of claims made under ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 26:**  Plaintiff seeks all claims manuals, policy manuals, policy statements, or other documents regarding the processing of claims during the relevant time period, including any changes or alterations to those manuals, statements, or documents.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 27:** Plaintiff seeks all documents referring or relating to market conduct examinations conducted by any state departments of insurance, including but not limited to the Missouri Market Conduct Examination (#0905-22-TGT) of Wesco Insurance Company on or about October 24, 2011.

Defendants represent it provided the Wesco Insurance Company document identified by Plaintiff in the spirit of cooperation, but objects on the basis of relevancy. Defendants' objection is **SUSTAINED**.

**Request for Production No. 28:** Plaintiff seeks all documents referring or relating to Defendants' receipt, review, knowledge or authorization of the drafting of ESPs, including but not limited to any statements, express or implied, regarding the coverage or applicability of ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**. Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances. Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 29:** Plaintiff seeks all documents referring or relating to the retail price, suggested or otherwise, of ESPs.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN**

**PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

**Request for Production No. 30:**   Plaintiff seeks all documents containing the names, addresses, telephone numbers, email addresses or any other contact information of purchasers of ESPs during the relevant time period, including but not limited to purchase orders, receipts, reports of sales, product or warranty registrations, surveys, marketing lists, and records of telephone or electronic response or inquires.

Defendants' objections on the basis of relevancy and proportionality are **SUSTAINED IN PART AND OVERRULED IN PART**.  Defendants shall supplement their response to this request, but said supplement shall be limited to documents related to ESPs for household appliances for which complaints were made that coverage was lacking or insufficient during the original manufacturer's warranty.  Defendants' objection on the basis of privilege is **SUSTAINED**, provided any documents withheld under said objection are documented in a privilege log.

## Conclusion

Plaintiff's Motion to Compel Defendants' Initial Disclosures and Answers to Plaintiff's Interrogatories and Requests for Production (Doc. 43) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' shall supplement their responses to Plaintiff's First Request for Production of Documents as set forth above by **July 10, 2020**.

**IT IS SO ORDERED.**

**DATED: June 11, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**